UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00681-MOC

| | |
|---|---|
| SHARON-VICTORIA DYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| SD TRUST ) | |
| WELLS FARGO ) | |
| FUNDS MANAGEMENT BRANCH ) | |
| JOHN STUMPF, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on defendants' Wells Fargo, NA's and John Stumpf's "Motion for Sanctions and Pre-Filing Injunction and Motions to Dismiss," which has been filed twice in the court's Docket as pleadings #9 and #10.

**I.    Motion to Dismiss**

From a preliminary reading of the motion, defendants seek dismissal of this case as a matter of law. In furtherance of the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court will advise the plaintiff, who is proceeding pro se, of her obligation to respond to the Motion as follows:

1.    You may file a brief written argument opposing the defendants' Motions to Dismiss on or before December 2, 2016.

2.    You are hereby advised that you have until December 2, 2016, in which to file your response. If you fail to respond to the motion, the Court will proceed to decide the matter. A copy

of the response must be served on the opposite party and a certificate of service must be filed with the Court showing that a copy has been sent to counsel for the opposite party.

## II. Motion for Sanctions and a Pre-filing Injunction

In addition to dismissal of this action, defendants also seek relief which, if allowed, could impact plaintiff's ability to access this court in future cases. Because the relief sought is severe and plaintiff is unrepresented, the court has given close consideration to this motion.

First, it appears that defendants attempted in good faith to satisfy the requirement of Rule 11(c)(2), Federal Rules of Civil Procedure, that a "motion for sanctions must be made separately from any other motion" by filing the "Motion for Sanctions and Pre-Filing Injunction and Motions to Dismiss" twice in ECF, as follows: first under the heading of Motion for Sanctions (#9); and the second time under the heading "Motion for Sanctions" (#10). As plaintiff is proceeding pro se, the court finds such method of filing does not satisfy Rule 11(c)(2) as the actual motion for sanctions is not contained in a freestanding motion as intended by the rule.

Second, the court cannot find in the Motion for Sanctions or in any attachment thereto an affidavit that such motion was first served on plaintiff and that 21 days elapsed before such motion was filed in this court, as required under Rule 11(c)(2), otherwise known as the "safe harbor provision." In relevant part, Rule 11(c)(2) provides: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Indeed, the Certificate of Service annexed to the motion provides that counsel "this day … mailed a copy of the foregoing upon the other party…." While such compliance may well have occurred, the court cannot find in the motion or the supporting

memorandum an affirmative statement to such effect and the date on the Certificate of Service is identical to the day the motion was filed. Had Rule 11(c)(2) been met, the court would have expected to see a service date of at least 21 days ante. Thus, it appears from the face of the pleading that the safe harbor provisions of Rule 11(c)(2) have not been facially satisfied. In an abundance of caution, the motion will be denied without prejudice.

### III.     Additional Advice to the Pro Se Litigant

Plaintiff is advised that access to the courts is an important and fundamental constitutional right and that a pre-filing injunction is a severe remedy which this court carefully considers before imposing. With little doubt, defendants are very likely to cure the procedural missteps the Court has identified and it is likely plaintiff will be faced with the possibility of sanctions in the near future.

Plaintiff is, therefore, further advised that under the Federal Rules of Civil Procedure that because defendants have filed a Motion to Dismiss, but not yet filed an Answer, she has a right to take a voluntary dismissal of this action. By doing so, she avoids the court reaching the merits of defendants Motion to Dismiss and any Motion for Sanctions if such a motion is filed. While such a motion is without prejudice, plaintiff is however cautioned that any refiling of her action would necessitate the payment of defendants' costs and would be barred if she has previously dismissed this claim in either state or federal court. Fed.R.Civ.P. 41(a)(1)(B). Plaintiff is also advised that refiling an action that has already been adjudicated would be a violation of Rule 11 and could result in monetary and injunctive sanctions. Most importantly, filings that amount to harassing filings could under certain circumstances result in a pre-filing injunction, which is a remedy that would put a substantial barrier in front of plaintiff exercising her fundamental constitutional right

to seek redress of grievances in this court. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). While the court is certainly open to arguments disproving defendants' allegations, review of the pleadings before the court and the Orders of this court's colleagues in both federal and state court reveals what could be found to be a pattern of filing harassing litigation intended to frustrate not just defendants, but the judicial process. Put another way, the path plaintiff has taken may lead not just to dismissal of this action, but to limits on her ability to file future (good-faith) claims that could arise against other defendants, a result that courts reluctantly impose as access to the federal courts is a fundamental constitutional right.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff shall file her Response to defendants' Motions to Dismiss (#10) on or before December 2, 2016. Failure to file a timely Response may lead to the dismissal of plaintiff's case without further notice.

(2) Defendants' Motion for Sanctions and Pre-Filing Injunction (#9) is DENIED without prejudice for the reasons herein stated.

Signed: November 14, 2016



Max O. Cogburn Jr
United States District Judge