UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00681-MOC

| | |
|---|---|
| SHARON-VICTORIA DYE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| SD TRUST | ) |
| JOHN STUMPF | ) |
| FUNDS MANAGEMENT BRANCH | ) |
| USA | ) |
| WELLS FARGO, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on defendants' Wells Fargo and John Stumpf's Motion to Dismiss (#10) and defendant Funds Management Branch USA's Motion to Dismiss (#13). Plaintiff's Motion for Preliminary Injunctive Relief (#8) is also pending before the court. Having considered the motions and reviewed the pleadings, the court enters the following Order.

**I.     Background**

Last year, plaintiff filed an action, Dye v. U.S.Bank Nat. Assoc., et al., 3:15cv82-RJC (hereinafter "Dye I"), challenging the Bankruptcy Court's finding that the Promissory Note (again at issue here) was enforceable. In Dye I, plaintiff contended that essentially the same defendants committed a fraud upon the Bankruptcy Court when Wells Fargo filed a proof of claim in plaintiff's Chapter 13 proceeding. In the Bankruptcy Court, plaintiff filed an objection to Wells Fargo's proof of claim on the Promissory Note, which was overruled based on a finding by that court that the Note executed by plaintiff was enforceable. In Dye I, this court's colleague

dismissed that action with prejudice, finding that plaintiff had failed to plead fraud with the required specificity. Dye I, Order (#31), aff'd, Dye v. U.S. Bank Nat. Assoc., No 16-1236 (4th Cir. June 28, 2016).

On August 10, 2016, less than a month from issuance of the Mandate in Dye I, the Plaintiff filed another Complaint with this Court against Trustee Services of Carolina, LLC, the substitute trustee in the then pending Foreclosure Proceeding and its attorney, Brock and Scott, PLLC (herein "Second Federal Lawsuit"). Dye v. Trustee Services of Carolina, LLC, 3:16cv612 (hereinafter "Dye II"). The defendants to the Second Federal Lawsuit filed motions to dismiss under Fed. R. Civ. P. 12(b)(1)and 12(b)(6). The Plaintiff failed to file a response to the defendants' motions and this Court's colleague granted the defendants' motions and dismissed the Second Federal Lawsuit in its entirety with prejudice. Id.

This action was filed the same day Dye II was dismissed with prejudice, September 22, 2016. In this action, plaintiff again seeks to delay, stop, or enjoin the Foreclosure Proceedings in the North Carolina General Court of Justice. While much of the Complaint is unintelligible, the Court has read her Complaint in a light most favorable to plaintiff. Plaintiff contends that because she transferred the property encumbered by the Promissory Note and secured by Deed of Trust to the "SD Trust," this federal court should enjoin the state court from foreclosing upon the Deed of Trust.

**II.    Procedural Posture**

The first Motion to Dismiss (#10) was filed on November 10, 2016. In a prior Order (#12), plaintiff was provided until December 2, 2016 to file a response pursuant to the principles set forward in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff made no responsive filings

by December 2, 2016. After that deadline, Plaintiff filed two documents with the Court, which are discussed in detail below. Both are non-responsive to the substantive allegations of the pending Motions to Dismiss.

The second Motion to Dismiss (#13) was filed on November 22, 2016. Pursuant to Roseboro, the court issued an Order (#14) and provided plaintiff Dye until December 9, 2016 to provide a response to that Motion to Dismiss. In both of its prior Orders (#12, #14), the court noted that failure to file a timely response may lead to the dismissal of the plaintiff's case without further notice.

On December 8th, 2016, the Supplemental Certificate of Service (#19) was filed in the above-captioned matter. This Supplemental Certificate noted that the second Motion to Dismiss (#13) was mailed to plaintiff at a particular post office box and had been returned undeliverable on December 8th, 2016. On December 8th, the Motion to Dismiss was sent to plaintiff Dye's physical address, which she had noted in her Change of Address Notice (#18) on December 2nd, 2016.

### III. Plaintiff's Filings

In considering the motions to dismiss, the court has carefully considered all of plaintiff's filings, regardless of whether they were timely or correctly filed. To date, plaintiff has filed three documents after this court issued its most recent Roseboro Order (#14).

The first document, docketed as "Notice of and Writ of Error" (#17), asks the Court to correct an alleged "error," to wit, that prior records in the above-captioned matter have, by placing her name in all capital letters, has labeled her as deceased when she is very much alive. (#17). Plaintiff is mistaken as the inclusion of her name in all capital letters on a case docket or in

pleadings is of no consequence and does not, in any event, indicate she is deceased. United States v. Stinson, 386 F. Supp. 2d 1207, 1212 (W.D. Okla. 2005) (Holding that "[t]he difference between the fully capitalized and the first-letter capitalized versions of the Defendants' names is immaterial ….").

The second document, docketed as "Various Documents" (#21), was addressed to Chief District Judge Frank Whitney and marked "special, private, and confidential." *Inter alia*, it discusses military law, the Lieber Code (which concerns laws of war), and plaintiff's purported mental competency. It also includes a series of Exhibits. While courts liberally construe *pro se* filings, this filing is non-responsive to the pending Motions to Dismiss, which involve civil law.

The third document, docketed as "Notice of Change of Address" (#18) is a modification of an existing address record for the pro se plaintiff. It was filed on December 2nd, 2016. This was particularly notable as the Supplemental Certificate of Service (#19) filed in this case mentioned that mail related to this case had been returned as undeliverable. According to the Supplemental Certificate of Service, mail posted on November 22, 2016 was returned undeliverable. This is a difference of eight (8) business days in which plaintiff had not notified the court of the change of her address.

The court's Order (#12) regarding the first Motion to Dismiss (#11) was mailed on November 15, 2016. It is reasonable to assume that the plaintiff received this Order (#12). This would be 17 calendar days from the mailing and the Notice of Change of Address (#18). Changes of address, especially when that it is the sole means of official communication with a litigant, should be promptly reported to the Court. Further, plaintiff Dye filed the Notices reviewed above (#17, #18) and dated her sworn statement docketed as "Various Documents" on December 2, 2016.

From plaintiff's own filings, December 2nd was a date for her to respond to the deadlines in this case. Therefore, the Court finds that plaintiff has been provided with notice under Roseboro along with an adequate time to file responses and that she has in fact filed pleadings, all be they less than responsive.

**IV.    Discussion**

None of plaintiff's filings substantively respond to the arguments of the pending Motions to Dismiss. Putting aside the lack of responsive arguments, the court has, however, closely reviewed the defendants' arguments for dismissal.

Foremost, defendants have argued that plaintiff's attempt to enjoin the state court foreclosure of the Deed of Trust is non-justiciable as the Property was sold at foreclosure on August 11, 2016, more than a month before she filed this action. The sale was confirmed on August 21, 2016. Plaintiff alleges herein that she transferred the Property on August 22, 2016, to the "SD Trust." She seeks to have this court enjoin the state court from transferring the Property.

Plaintiff has failed to state a claim upon which relief can be granted inasmuch as the relief she seeks is moot. Under North Carolina law, a motion to enjoin a foreclosure proceeding filed in a separate action must be brought "prior to the time that the rights of the parties to the sale or resale become fixed." N.C. Gen. Stat. § 45-21.34. "The rights of the parties to the sale or resale of real property are fixed 'if an upset bid is not filed following a sale, resale, or prior upset bid within the period specified within this Article,' which is ten days in this case." Anderson v. Aurora Loan Servs., LLC, 233 N.C. App. 598, 758 S.E.2d 903, 3 (2014) (unpublished); N.C. Gen. Stat § 45-21.29A. Here, the Property was sold at the Foreclosure Sale on August 11, 2016, and the Foreclosure Sale became final on August 21, 2016. (Defendant's Exhibit 11.) Thus, even if this

Court somehow had jurisdiction over this claim, which is doubtful in light of the considerations discussed in Thana v. Bd. of License Commissioners for Charles City, 827 F.3d 314 (4th Cir. 2016), the relief sough in plaintiff's Complaint -- to enjoin the Foreclosure Proceeding -- must be dismissed as it presents a claim upon which relief cannot be granted due to mootness. Accordingly, the court will grant the motions to dismiss.

\*\*\*

Defendants have also filed a Motion for Sanctions and Pre-Filing Injunction (#20), which will be denied as moot. Plaintiff is, however, cautioned that malicious refiling of civil actions in this court can result in serious sanctions, not the least of which is imposition of an Order requiring pre-filing review, as has occurred in the state court. This court has no desire to limit anyone's access to the Court as the ability to redress grievances is a fundamental right. However, the Court has noted that this is plaintiff's third foray in this Court over what is essentially the same issue and that she has resorted to the filing of frivolous and non-responsive pleadings that simply waste not just the financial resources of all involved, but the one resource which is limited for all -- time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Wells Fargo, N.A. and John Stumpf's Motion to Dismiss (#10) and Defendant Funds Management Branch USA's Motion to Dismiss (#13) are **GRANTED,** and this action is **DISMISSED** with prejudice. All other motions are terminated as **MOOT**.

The Clerk of Court is instructed to enter a Judgement dismissing plaintiff's case pursuant to this Order.

Signed: January 9, 2017

Max O. Cogburn Jr.